# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>SCOTT THOMPSON,<br><br>*Defendant*. | Miscellaneous Docket No.: 1:07-mc-00241-RJL<br><br>THE WILLIAMS COMPANIES, INC.'S MEMORANDUM IN SUPPORT OF ITS EMERGENCY MOTION TO STAY THE COURT'S JUNE 10 AND JUNE 24 DISCOVERY ORDERS |

**THE WILLIAMS COMPANIES, INC.'S MEMORANDUM IN SUPPORT OF ITS EMERGENCY MOTION TO STAY THE COURT'S JUNE 10 AND JUNE 24 DISCOVERY ORDERS IN *UNITED STATES v. SCOTT THOMPSON***

F. Joseph Warin (D.C. Bar No. 235978)
  *Counsel of Record*
Peter E. Jaffe
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539

*Attorneys for The Williams Companies, Inc. and Williams Power Company, Inc.*

The Williams Companies, Inc. and the Williams Power Company, Inc. (formerly, Williams Energy Marketing & Trading Company) (hereinafter collectively referred to as "Williams"), by and through counsel, hereby submit this memorandum in support of its Emergency Motion to Stay the Court's June 10 and June 24 Discovery Orders.

## ARGUMENT

In his criminal proceeding on federal conspiracy charges, defendant Scott Thompson moved to compel certain documents in the government's possession that are protected by Williams' attorney-client privilege and work product protection. Williams filed an application for relief in a miscellaneous action in this Court, pursuant to Local Rule of Criminal Procedure 57.6,[1] effectively seeking to enjoin the government from releasing the documents. On June 9, 2008, the Court issued an order granting defendant's motion to compel in the criminal case. On June 10, the Order was docketed in the criminal case. The Clerk's Office did not file the Order in the miscellaneous matter at that time. Accordingly, Williams was not notified of the Court's decision. On June 24, at Williams' request, the Clerk's Office filed the Order in the miscellaneous case (collectively, "the Order"), and Williams moved for a stay later the same

---

[1] The Rule provides that "[a]ny news organization or other interested person, other than a party or a subpoenaed witness, who seeks relief relating to any aspect of the proceedings in a criminal case shall file an application for such relief in the Miscellaneous Docket of the Court. The application shall include a statement of the applicant's interest in the matter as to which relief is sought, a statement of facts and a specific prayer for relief. The application shall be served on the parties to the criminal case and shall be referred by the Clerk to the trial judge assigned to the criminal case for determination."

day.[2]  Williams now seeks to appeal the Court's denial of its application for relief in the miscellaneous action.

The Order is a final judgment pursuant to 28 U.S.C. § 1291, and therefore is subject to appeal.  Under § 1291, the federal courts of appeal have jurisdiction over all "final decisions" of the federal district courts.  A decision is "final" under § 1291 if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Riley v. Kennedy*, 128 S. Ct. 1970, 1981 (2008) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).  Once docketed in the miscellaneous action, the Court's Order terminated the litigation between Williams and the defendant and the entire miscellaneous action.  Therefore, it is a "final decision[]" as defined by § 1291.  Williams is not a party to the defendant's criminal proceeding and cannot appeal from any order or judgment entered in that proceeding.  Indeed, under longstanding practice, Williams cannot intervene in that proceeding to protect its rights; rather, its only course of action was to file a *separate* action requesting that the Court prevent the government from producing Williams' privileged documents.  *See, e.g.*, *Application of Washington Post Co.*, 576 F. Supp. 76, 77 n.1 (D.D.C. 1983) (although newspaper "filed a Motion to Intervene in the criminal case . . . as is the practice in this court, the motion was assigned a miscellaneous number and filed as a separate matter"); *Clifford v. United States*, 136 F.3d 144, 148 (D.C. Cir. 1998) (court treated motion to intervene in criminal case for purpose of seeking disclosure of documents as "properly filed" as a miscellaneous action).  This Court's

---

[2]  Contrary to defendant's suggestion, Williams did not delay in seeking relief from the Court's Order.  Because Williams is not a party to the criminal action, it could not have filed its motion to stay in that case.  As soon as Williams was notified that the government intended to produce documents to defendant, it moved expeditiously to obtain relief in this action.

denial of Williams' motion in this action was a final adjudication of Williams' "prayer for relief" under Local Rule 57.6. Therefore, under § 1291, it is a "final decision" and may be appealed.

The D.C. Circuit has long entertained appeals of applications filed in miscellaneous actions making discovery requests related to pending criminal actions. The facts in *Clifford*, for example, are substantially similar to those presented here. In *Clifford*, the D.C. Circuit heard an appeal from an order in a miscellaneous action that denied appellants access to certain sealed documents and *in camera* transcripts from an ongoing criminal forfeiture proceeding. *See* 136 F.3d at 148. Appellants were non-parties to the criminal case, but were parties to a related civil case. *See id.* They claimed that the documents from the criminal matter were relevant to the civil case. *See id.* The district court treated the motion as if it had been "properly filed as a miscellaneous case" under the Local Rules, denied the motion, and the applicants appealed. *Id.* Similarly, in *In re Application of National Broadcasting Co.*, 653 F.2d 609 (D.C. Cir. 1981), national news companies moved in a miscellaneous action to compel disclosure of video and audio tapes introduced as evidence in a criminal trial. 653 F.2d at 611-612 & n.6. The district court denied the motion, and the broadcasting companies appealed. *See id.* at 612. The same right to appeal that existed in those cases exists here.[3]

Contrary to defendant's suggestion, Williams' right to appeal is not somehow "mooted" by the fact that the Government has already produced some privileged material to defendant pursuant to this Court's Order. Indeed, an appeal is not moot even if a party "has failed to obtain

---

[3] There are other examples of appeals from discovery orders filed in miscellaneous actions. *See, e.g.*, *Ho v. United States*, No. 05-5319, 2005 U.S. App. LEXIS 29210 (D.C. Cir. Dec. 29, 2005); *In re Subpoena Duces Tecum*, No. 05-5168, 2005 U.S. App. LEXIS 9761 (D.C. Cir. May 25, 2005).

3

a stay of the district court's [discovery] order pending appeal, and the [government] has now produced the [privileged] documents." *In re Subpoena Duces Tecum*, 439 F.3d 740, 743 (D.C. Cir. 2006). Rather, "a court's ability to offer a partial remedy, such as ordering the return or destruction of disputed materials, is sufficient to prevent mootness." *Id.* This Court has already ordered that the government stop producing materials to defendant and that defendant not distribute the materials already produced. There can be no doubt that the Court could fashion relief that would prevent further prejudice to Williams if an appeal succeeded.

Because this Court has authority to grant Williams' motion for a stay, it must examine the merits. In determining whether a party is entitled to a stay pending appeal, a court must examine "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the Court grants the stay; and (4) the public interest in granting the stay." *Nat'l Ass'n of Mfrs. v. Taylor*, Civil Action No. 08-208, 2008 U.S. Dist. LEXIS 31762, at *4-5 (D.D.C. Apr. 18, 2008) (quoting *Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985)). "To justify the granting of a stay, a movant need not always establish a high probability of success on the merits. Probability of success is inversely proportional to the degree of irreparable injury evidenced. A stay may be granted with either a high probability of success and some injury, or vice versa." *Id.*

The question in this case is whether certain documents produced to the government are protected by the attorney-client privilege and work product protections. Williams' application for relief argued that Williams had not waived its privileges because Williams had surrendered its documents to the government involuntarily. The production was "involuntary" because, Williams argued, the government at the time pursued an aggressive (and since abandoned) policy

4

under the Holder and Thompson Memoranda of deeming corporations "uncooperative" that did not waive their privileges in the course of a criminal investigation. *See* Williams' Mem. 12-25. Although this Court denied Williams' motion, in a case that presented the very same facts and concerned the very same documents as the present action, the Superior Court of California held in Williams' favor. That case is currently on appeal. *See id.* at 2 & Ex. A (citing Order, *Coordination Proceeding Natural Gas Anti-Trust Cases*, No. JCCP4221 (Sup. Ct. Cal. June 4, 2007)); *see also United States* v. *Stein*, 435 F. Supp. 2d 330, 335-36 (S.D.N.Y. 2006) (holding that the government's tactics under the Thompson Memorandum were coercive and declaring the policy in certain respects unconstitutional). This plainly is an issue on which reasonable minds may disagree, and Williams would therefore have a substantial chance at victory on appeal.

Further production and disclosure of these materials would also cause Williams irreparable harm. *See United States v. Philip Morris, Inc.*, 314 F.3d 612, 621 (D.C. Cir. 2003) (finding irreparable harm, and granting stay of discovery orders pending appeal, because "the general injury caused by the breach of the attorney-client privilege and the harm resulting from the disclosure of privileged documents to an adverse party is clear enough"). Williams and other energy companies are currently defendants in civil litigation in California alleging that defendants engaged in a conspiracy to manipulate gas prices through false reporting. The criminal investigation that led to the government's acquisition of Williams' privileged documents concerned conduct similar to that at issue in the California lawsuit. Therefore, disclosure of the documents could prejudice Williams in that litigation. (As noted above, the Superior Court of California ruled in that case that Williams' documents are privileged, and that ruling is currently on appeal.) Permitting the production and review of these documents before

5

two appellate courts have had the opportunity to weigh in on this matter could unnecessarily compromise Williams' rights in ongoing litigation.

Furthermore, a stay pending appeal would not substantially harm the defendant. Williams has already produced thousands of non-privileged documents to the Department of Justice and U.S. Commodity Futures Trading Commission related to the criminal investigation which presumably have been produced to the defendant. Williams' counsel's mental impressions and attorney work product are not relevant to defendant's case in the criminal trial. Finally, the D.C. Circuit has observed, with respect to the public interest in granting a stay pending appeal, that "the attorney-client privilege is an institutionally significant status or relationship with deep roots in our nation's adversary system. As such, the privilege advances broader public interests in the observance of law and administration of justice." *Philip Morris*, 314 F.3d at 622.

## CONCLUSION

Based on the foregoing and for such other reasons as the Court may deem appropriate, Williams' Motion to Stay should be granted.

Respectfully Submitted,

Dated:  June 27, 2008

/s/ F. Joseph Warin
F. Joseph Warin (D.C. Bar No. 235978)
   *Counsel of Record*
Peter E. Jaffe

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539

*Attorneys for The Williams Companies, Inc. and Williams Power Company, Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2008 I caused a copy of the foregoing Memorandum in Support of Williams' Emergency Motion to Stay the Court's June 10 and June 24 Discovery Orders, to be delivered by e-mail and overnight commercial carrier to the following counsel:

| | |
|---|---|
| Philip T. Inglima, Esq. | Robertson Park, Assistant Chief |
| Adrian D. Mebane, Esq. | Amanda L. Riedel, Trial Attorney |
| Ann M. Mason, Esq. | Criminal Division |
| CROWELL & MORING LLP | United States Department of Justice |
| 1001 Pennsylvania Avenue, N.W. | Bond Building |
| Washington, D.C. 20004 | 1400 New York Avenue, N.W. |
| *Counsel for Scott Thompson* | Washington, D.C. 20005 |
| | *Counsel for the United States of America* |

/s/ F. Joseph Warin
F. Joseph Warin
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500