# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>SCOTT THOMPSON,<br><br>*Defendant*. | Miscellaneous Docket No.: 1:07-mc-00241-RJL<br><br>THE WILLIAMS COMPANIES, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS EMERGENCY MOTION TO STAY THE COURT'S JUNE 10 AND JUNE 24 DISCOVERY ORDERS |

**THE WILLIAMS COMPANIES, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS EMERGENCY MOTION TO STAY THE COURT'S JUNE 10 AND JUNE 24 DISCOVERY ORDERS IN *UNITED STATES v. SCOTT THOMPSON*__**

F. Joseph Warin (D.C. Bar No. 235978)
   *Counsel of Record*
Peter E. Jaffe (D.C. Bar No. 460608)
(admission *pro hac vice* pending)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539

*Attorneys for The Williams Companies, Inc. and Williams Power Company, Inc.*

The Williams Companies, Inc. and the Williams Power Company, Inc. (formerly, Williams Energy Marketing & Trading Company) (hereinafter collectively referred to as "Williams"), by and through counsel, hereby submit this reply brief in further support of its Emergency Motion to Stay the Court's June 10 and June 24 Discovery Orders.

## ARGUMENT

I.   **This Court's Order Denying Williams' Application For Relief Is An Appealable Final Order.**

Defendant argues that this Court's Order is not a "final decision" under 28 U.S.C. § 1291. His argument rests primarily on cases interpreting the Criminal Appeals Act, 18 U.S.C. § 3731, which governs the circumstances in which the *United States* may appeal an order or judgment entered in a *criminal* case. *See, e.g.*, *United States v. McKenzie*, 735 F.2d 907, 911 (5th Cir. 1984) ("This section [§ 3731] permits appeals *only* 'by the United States.'") (emphasis added). Williams' miscellaneous action, by contrast, is an independent *civil* proceeding brought by a private party claiming a privilege in documents requested by Thompson and in the possession of the United States. It is therefore appealable under § 1291, the general statute governing appeals of civil actions, because the Court's Order finally disposed of all pending issues in that action. It is also appealable under the doctrines developed by the Supreme Court in *Perlman v. United States*, 247 U.S. 7 (1918), and *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949).

   A.   **The Order Is A Final Discovery Order Under The *Perlman* Doctrine.**

Although the ordinary route for appealing a discovery order is to violate the order, face contempt, and appeal the contempt order, "a discovery order directed at a disinterested third party is treated as an immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance." *Church of Scientology v. United States*, 506 U.S. 9, 18 n.11 (1992) (citing *Perlman*, 247 U.S. at 13). The

*Perlman* doctrine is not limited to cases involving "disinterested" third parties; rather this Court "ha[s] applied *Perlman* when one party seeks documents in the hands of another and a nonparty claims to possess a privilege in the documents." *In re Sealed Case*, 381 F.3d 1205, 1210 (D.C. Cir. 2004).

Here, Williams, a non-party to defendant's criminal proceeding, claims a privilege in documents that defendant seeks from the United States. In such a case, an appeal is permitted because Williams "was not the object of the document demand and could therefore not possibly refuse disclosure and undergo a contempt citation as a means to appeal." *United States v. AT&T*, 642 F.2d 1285, 1296 (D.C. Cir. 1980); *see also In re Sealed Case*, 141 F.3d 337, 340 (D.C. Cir. 1998) (observing that *Perlman* "reflected concern that where the subject of the discovery order (characteristically the custodian of the documents) and the holder of a privilege are different, the custodian might yield up the documents rather than face the hazards of contempt, and would thereby destroy the privilege"); *In re Sealed Case*, 754 F.2d 395, 399 (D.C. Cir. 1985) ("The *Perlman* exception is based on the rationale that a witness whose privilege is not at stake has no incentive to preserve the privilege by committing contempt of court.").

Furthermore, the party that *could* risk contempt by refusing compliance, the United States, "has raised no objection to producing [the documents at issue] and, to the contrary, has unequivocally stated its intention to do so upon court order." *In re Sealed Case*, 381 F.3d at 1211. Therefore, because the United States is unwilling to risk contempt to challenge the Court's decision, and Williams is incapable of doing so, the *Perlman* doctrine applies. *See In re Sealed Case*, 146 F.3d 881, 883 (D.C. Cir. 1998) (holding that "the *Perlman* doctrine applies here because the [custodian of the documents] swore . . . an intention to produce the documents rather than submit to a contempt citation").

This conclusion finds support in cases holding that an order denying a motion brought by a third party to quash a subpoena is "final" under the *Perlman* rationale. *See, e.g.*, *Impounded*, 277 F.3d 407, 410 (3d Cir. 2002) ("'when a party, other than the one to whom a subpoena has been addressed, moves to quash the subpoena, the denial of his motion disposes of his claims fully and finally,' it being unreasonable to expect that a third party will risk contempt in order to facilitate immediate review") (*quoting In re Grand Jury*, 619 F.2d 1022, 1025 (3d Cir. 1980)); *In re Grand Jury Proceedings (Manges)*, 745 F.2d 1250 n.3 (9th Cir. 1984) (same); *see also* Wright & Miller, 15B Federal Practice and Procedure § 3914.23 ("Where . . . a person lacks the opportunity to contest the subpoena because it is not directed to him or her, an order denying a motion to quash is final as to that individual."). William's motion is also "analogous to the situation where a third party seeks to interpose a privilege objection to subpoenas issued to other [grand jury] witnesses." *In re Grand Jury*, 490 F.3d 978, 981 (D.C. Cir. 2007). In such a case, "the party holding the privilege has no opportunity to be held in contempt because it is not the subpoenaed party. The courts therefore have generally considered district court orders denying such motions to be final decisions for purposes of appellate jurisdiction." *Id.*

**B.    The Order Is Final Under The Collateral Order Doctrine.**

The Order is also appealable under the collateral order doctrine announced by the Supreme Court in *Cohen*, 337 U.S. at 541. Under *Cohen*, an order qualifies as "final" under § 1291 if it "(1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) [is] effectively unreviewable on appeal from a final judgment." *In re Sealed Case*, 381 F.3d at 1209. This Court has consistently found, applying the *Cohen* factors, that an order requiring the production of privileged documents is "final." *See id.* at 1209-10; *Philip Morris*, 314 F.3d at 615-16; *In re England*, 375 F.3d 1169, 1175-76 (D.C. Cir. 2004).

3

First, the Order "is final with respect to th[e] initial disclosure [to plaintiffs], and if the documents are privileged—a point we must accept as true for purposes of deciding this jurisdictional question—an involuntary disclosure to the plaintiffs' counsel breaches the privilege." *In re Sealed Case*, 381 F.3d at 1209. Second, the order on privilege determinations is separable from the underlying merits of defendant's criminal trial and is important enough to outweigh any countervailing interests underlying the final judgment rule. *See id.* at 1209-10. Third, the Order will be effectively unreviewable after final judgment, because at that point, "the entirety of the [documents] will have been disclosed to third parties, making the issue of privilege effectively moot." *Philip Morris*, 314 F.3d at 619; *see also England*, 375 F.3d at 1176 ("appeal after final judgment is obviously not adequate in [privilege] cases—the cat is out of the bag"). In short, it is well-established that a party may immediately appeal a discovery order where a party claims that the documents are privileged.

**II.     There Is A Substantial Likelihood That Williams Will Prevail On Appeal.**

For all the reasons discussed in Williams' memorandum of law in support of its application for relief, and in its memorandum in support of its motion for a stay, there is a substantial likelihood that Williams will prevail on the merits of its appeal.

It is worth noting, however, one additional reason why Williams may succeed on the merits of its appeal: namely, the documents in the possession of the United States may be governed by a federal common-law settlement privilege. *See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003). The documents that defendant requests were created in response to the government's criminal investigation of Williams, and were the product of communications that ultimately led to a deferred prosecution agreement between Williams and the United States. *See* Memorandum of Law at 31-32. This is especially true with respect to Williams' Privileged Presentations, which were created in order to persuade the

4

government not to initiate criminal charges against Williams. *See id.* at 4-5. Whether a federal common-law settlement privilege exists is an open question in the D.C. Circuit. *See In re Subpoena Duces Tecum*, 439 F.3d 740, 750 (D.C. Cir. 2006). But it is consistent with the responsibility of federal courts to develop new common-law privileges in the public interest, *see Jaffee v. Redmond*, 518 U.S. 1, 9 (1996), and may provide an alternative reason why Williams' privileged documents should not be disclosed in this case.

## CONCLUSION

Based on the foregoing and for such other reasons as the Court may deem appropriate, Williams' Motion to Stay should be granted.

Respectfully Submitted,

Dated: July 8, 2008

/s/ F. Joseph Warin
F. Joseph Warin (D.C. Bar No. 235978)
  *Counsel of Record*
Peter E. Jaffe (D.C. Bar No. 460608)
(admission *pro hac vice* pending)

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539

*Attorneys for The Williams Companies, Inc. and Williams Power Company, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2008 I caused a copy of the foregoing Reply Brief In Further Support of Williams' Emergency Motion to Stay the Court's June 10 and June 24 Discovery Orders, to be delivered by e-mail to the following counsel:

| | |
|---|---|
| Philip T. Inglima, Esq.<br>Adrian D. Mebane, Esq.<br>Ann M. Mason, Esq.<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>*Counsel for Scott Thompson* | Robertson Park, Assistant Chief<br>Amanda L. Riedel, Trial Attorney<br>Criminal Division<br>United States Department of Justice<br>Bond Building<br>1400 New York Avenue, N.W.<br>Washington, D.C. 20005<br>*Counsel for the United States of America* |

/s/ F. Joseph Warin
F. Joseph Warin
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500